UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

ROLANDO INNIS,

                                          Plaintiff,

              -against-                        **FIRST AMENDED**

THE CITY OF NEW YORK, POLICE OFFICERS
JOHN SEOKAS (Shield No. 19881), LIEUTENANT
BARBARA FISCHER, POLICE OFFICER BARBARA    **COMPLAINT**
SOBOLEWSKI (Shield No. 1673) and POLICE
OFFICER WILSON VERDESOTO (Shield No. 26997).    **11-CV-5728 (WFK)(SMG)**

                                  Defendants.    <u>Jury Trial Demanded</u>

------------------------------------------------------------------- x

## **PRELIMINARY STATEMENT**

1.    This is a civil rights action, alleging that the City of New York and several New York City Police Officers violated plaintiff's rights under 42 U.S.C. § 1983, the Fourth and Sixth Amendments to the United States Constitution. Specifically, plaintiff alleges that, on June 25, 2011, defendants falsely arrested him, used excessive force and made false allegations about him to Kings County Grand Jury and the Kings County District Attorney's Office. Plaintiff seeks compensatory and punitive damages, attorney's fees and costs, and such other and further relief as the court deems just and proper.

## JURISDICTION & VENUE

2. This action is brought pursuant to 42 U.S.C. § 1983 and the Fourth and Sixth Amendments to the United States Constitution. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

3. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper here pursuant to 28 U.S.C. § 1391.

## PARTIES

5. Plaintiff is a resident of the State of New York.

6. The City of New York is a municipal corporation organized under the laws of the State of New York.

7. Police Officers John Seokas, Barbara Fischer, Barbara Sobolewski and Wilson Verdesoto (the "officers") are New York City Police Officers who were acting under color of state law and in their capacities as City law enforcement officers at all relevant times. The officers are liable for directly participating in the unlawful acts described herein and for failing to intervene to protect plaintiff from unconstitutional conduct. These defendants are sued in their individual capacities.

## STATEMENT OF FACTS

8. At or about 8:30 p.m. on June 25, 2011, plaintiff was lawfully in the vicinity of 433 Lafayette Avenue in Brooklyn, New York.

9. Plaintiff was enjoying a leisurely evening stroll with his girlfriend in Fort Greene Park before making his to his home in the Lafayette Gardens Housing Complex.

10. A group of New York Police Officers approached Plaintiff and a group of other pedestrians and demanded their identification.

11. Plaintiff told the Officers that he lived in the nearby Housing Complex.

12. One Officer then yelled out "He looks nervous", grabbed Plaintiff's neck and threw him to the ground.

13. The Officer then twisted Plaintiff's arm around to his back and handcuffed him.

14. A group of Officers then began to hit and kick Plaintiff.

15. When the Officers finally ended the beating, they lifted Plaintiff up by his hands.

16. The Officers then dragged Plaintiff towards a patrol car, pushing him into a guardrail and causing Plaintiff shortness of breath in the process.

17. The Officers then threw Plaintiff against the patrol car, causing Plaintiff to break the fall with his wrists.

18. One of the Officers then yelled to Plaintiff "Can you breathe now?"

19. Plaintiff was then thrown into the backseat of the police car, where a female police Lieutenant proceeded to beat him.

20. Plaintiff was then transported to the precinct.

21. At the precinct, Plaintiff was taken into a bathroom, handcuffed again and repeatedly punched and kicked by 5 officers.

22. Eventually, as Plaintiff's injuries became more severe, Emergency Medical Services came to the precinct to tend to Plaintiff.

23. Plaintiff, with his legs in shackles, was transported to Woodhull Hospital where he received treatment for the injuries sustained as a result of the incident.

24. By that point, Plaintiff's shoes had been removed and the Officers refused to give them back.

25. Plaintiff waited at Woodhull Hospital for a few hours before finally being given X-rays.

26. Plaintiff was then taken back to the precinct, where he was denied pain medication.

27. The next morning on June 26, 2011, Plaintiff was transported to Brooklyn Central Booking, where he was charged with Assault, Criminal Possession of a Weapon and Resisting Arrest.

28. Defendant officers misrepresented to a Kings County Grand Jury and the Kings County District Attorney's Office that Plaintiff had committed the offenses of Assault, Criminal Possession of a Weapon and Resisting Arrest.

29. On Monday, June 27, 2011, at around 10 a.m. Plaintiff was arraigned in Kings County Criminal Court.

30. Plaintiff was released shortly thereafter, close to 36 hours after his arrest.

31. A grand jury in Kings County Supreme Court dismissed all charges against Plaintiff.

32. Plaintiff sustained injuries as a result of the incident, for which he required medical care.

33. Plaintiff was deprived of his liberty, assaulted, battered, suffered emotional distress, mental anguish, pain, fear, anxiety, embarrassment, humiliation, damage to his reputation and loss of income.

34. On August 25, 2011, within 90 days of the events set forth above, plaintiff caused to be served on the Comptroller of the City of New York a Notice of Claim. To date, the City has made no adjustment or payment with respect to this Notice of Claim.

35. This action is commenced within one year and 90 days of the events described above.

## FIRST CLAIM
## (§1983 FALSE ARREST)

36. Plaintiff repeats the foregoing allegations.

37. No officer observed plaintiff commit a crime on June 25, 2011.

38. At no time on June 25, 2011 did plaintiff commit a crime.

39. Accordingly, defendants violated the Fourth Amendment because they arrested plaintiff without probable cause.

## SECOND CLAIM
## (STATE LAW FALSE ARREST)

40. Plaintiff repeats the foregoing allegations.

41. The officers did not have probable cause to arrest plaintiff.

42. Plaintiff's arrest was not privileged.

43. Plaintiff did not consent to his confinement.

Accordingly, defendants violated New York State law because they arrested plaintiff without probable cause.

## THIRD CLAIM
## (UNREASONABLE FORCE)

44. Plaintiff repeats the foregoing allegations.

45. In the course of arresting plaintiff, several officers beat him for no reason.

46. This use of force was objectively unreasonable.

47. Accordingly, defendants violated the Fourth Amendment and New York State law because they used unreasonable force on Plaintiff.

## FOURTH CLAIM
## (§1983 FABRICATION OF
## EVIDENCE)

48. Plaintiff repeats the foregoing allegations.

49. The individual Defendants created false evidence against Plaintiff and forwarded such false evidence to the Kings County District Attorney's Office.

50. In creating such false evidence, the Defendants violated Plaintiff's constitutional right to due process.

51. The aforesaid conduct by the City of New York violated Plaintiffs' rights under 42 U.S.C. § 1983 and the Fifth and Fourteenth Amendments to the United States Constitution.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

6

## FIFTH CLAIM

### (§1983 MALICIOUS PROSECUTION)

53. Plaintiff repeats the foregoing allegations.

54. Defendant Officers commenced a criminal proceeding against Plaintiff.

55. Such proceedings terminated in favor of Plaintiff.

56. No probable cause existed for the commencement of the criminal proceeding.

57. Defendant Officers commenced the proceeding with actual malice.

58. In maliciously prosecuting Plaintiff, Defendants violated the Fourth and Fourteenth Amendments to the United States Constitution.

**59.** As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

## SIXTH CLAIM

### (STATE LAW MALICIOUS PROSECUTION)

60. Plaintiff repeats the foregoing allegations.

61. Defendant Officers commenced a criminal proceeding against Plaintiff.

62. Such proceeding terminated in favor of Plaintiff.

63. No probable cause existed for the commencement of the criminal proceeding.

64. Defendant Officers commenced the proceeding with actual malice.

65. In maliciously prosecuting Plaintiff, Defendants violated the laws of the State of New York.

66. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages alleged.

67. Defendant City of New York, as an employer of the individual Defendant Officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

## SEVENTH CLAIM
## (§1983 MONELL CLAIM)

68. Plaintiff repeats the foregoing allegations.

69. The City of New York, through a policy, practice and custom, directly caused the constitutional violations suffered by plaintiff.

70. Upon information and belief, the City of New York, at all relevant times, was aware that the defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

## EIGHTH CLAIM
## (PLAINTIFF'S STATE LAW CLAIMS AGAINST THE CITY OF NEW YORK )

71. Plaintiff repeats and re-alleges the allegations.

72. Because defendants Seokas, Fischer, Sobolewski and Verdesoto were acting within the scope of their employment as members of the NYPD during the incidents in question, the City of New York is vicariously liable under state law for false arrest, false imprisonment and malicious prosecution.

73. Further, the City of New York is liable under state law because it negligently hired, trained, supervised, and retained the individual defendants.

74. Nevertheless, the City of New York exercised deliberate indifference by failing to take remedial action. The City failed to properly train, re-train, supervise, discipline, and monitor the defendants and improperly retained and utilized them. Moreover, upon information and belief, the City of New York failed to adequately investigate prior complaints filed against the defendants.

In addition, the following are City policies, practices and customs: (a) arresting innocent individuals, primarily minorities, on the pretext that they trespassed, possessed or sold drugs, or possessed weapons, in order to meet productivity goals; (b) fabricating evidence against individuals;(c) using excessive force on individuals;(d) unlawfully strip searching pre-arraignment detainees.

WHEREFORE, plaintiff demands a jury trial and the following relief jointly and severally against the defendants:

i. Compensatory damages in an amount to be determined by a jury;

ii. Punitive damages in an amount to be determined by a jury;

iii. Costs, interest and attorney's fees;

iv. Such other and further relief as the Court may deem just and proper.

DATED: March 2, 2012

New York, New York

CHRISTOPHER D. WRIGHT (CW-8079)
Attorneys at Law
305 Broadway, 14th Floor
New York, New York 10007
(212) 822-1419